UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
BANK CAPITAL SERVICES LLC d/b/a F.N.B :     [__ Civ. ____ (__)(__)]
EQUIPMENT FINANCE, a subsidiary of FIRST
NATIONAL BANK OF PENNSYLVANIA     :
                Plaintiff(s),     :
        against     :     **COMPLAINT**
CHEF'S DEPOT INC. d/b/a CULINARY     :
DEPOT,
               Defendant(s).     :
---------------------------------X

Bank Capital Services LLC d/b/a F.N.B Equipment Finance, a subsidiary of First National Bank of Pennsylvania, through its attorneys, states the following as its Complaint against Defendant Chef's Depot Inc. d/b/a Culinary Depot ("Culinary Depot"):

### NATURE OF THE COMPLAINT

1. Bank Capital Services LLC d/b/a F.N.B Equipment Finance, a subsidiary of First National Bank of Pennsylvania (the "Bank"), brings this action to recover millions of dollars in funds the Bank advanced to a third-party beneficiary in connection with a lease agreement the Bank made in reliance upon fraudulent misrepresentations and omissions concerning the financial condition of Seasons Cleveland LLC (the "Lessee") and Zvi Bloom (the "Guarantor"). Tellingly, and as detailed more fully below, the subject lease closed in June 2018, the said funds were disbursed, and in September 2018 the Lessee and its affiliates filed for bankruptcy, in part due to the financial conditions that were concealed from the Bank.

2. This lease was executed on June 11, 2018. On that date, the Lessee executed, including but not limited to, Master Equipment Lease Agreement ("Lease"); Progress Payment Addendum (advances not to exceed $3,000,000.00); Progress Payment Advance to Culinary Depot in the amount of $1,505,500.00 (the "Funds"); and Equipment Lease Guaranty ("Lease Guaranty") executed by Zvi Bloom (the "Guarantor") (collectively "Lease Documents"). The Lessee did not and has not made any payments and is in default.

3. Then, on September 16, 2018, Lessee and its parent and affiliates filed Chapter 11 in the United States Bankruptcy Court, Eastern District of New York, Case No. 18-45284-NHL. Debtor/ Lessee has indicated it has no intention of opening, operating or selling Seasons Cleveland and has rejected the lease between Cleveland Kosher Supermarket and Seasons Cleveland LLC as the business was to be located at Oakwood Commons Shopping Center in South Euclid, Ohio.

4. As detailed below, Culinary Depot was the direct recipient and beneficiary of the advanced funds when said Funds were conveyed to Culinary Depot based upon authorization and direction of the Lessee, without the disclosure of the fraud the Lessee and Guarantor perpetrated upon the Bank.

5. As also detailed more fully below, the Lessee and the Guarantor are now in default and the Bank seeks to be made whole through lawsuits against the Guarantor of the Lease, as well as this action against Culinary Depot as the beneficiary of the fraudulent Lease transaction and transferee of the Funds.

6. The Bank has accelerated the entire debt due under all obligations of the Lessee and Guarantor and has demanded payment in full from Guarantor; the demands have been ignored. Culinary Depot likewise has ignored and has not responded to a written demand

advising them that the Funds they obtained as a third-party beneficiary were obtained by fraud and their return and repayment was demanded.

## PARTIES

7. Plaintiff Bank Capital Services LLC d/b/a First National Bank of Pennsylvania Equipment Finance is a Pennsylvania limited liability company, with its principal place of business at 1853 Highway 315 Pittson, Pennsylvania 18640. Plaintiff Bank Capital Services LLC is a wholly owned and direct subsidiary of First National Bank of Pennsylvania, which is a national banking association, organized and existing under the laws of the United States with its principal place of business at One North Shore Center, Pittsburgh, Allegheny County, Pennsylvania 15212.

8. Defendant Chef's Depot Inc. is a New York state corporation doing business as Culinary Depot, providing commercial kitchen equipment together with an array of ancillary services, with its principal place of business at 2 Melnick Dr., Monsey, New York 10925.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. The Court also has both general and specific jurisdiction over Defendant because it is resident of New York.

11. The venue for this action properly lies within this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the defendant resides in the state where this District Court is located or 28 U.S.C. § 1391(b)(3), in that Culinary Depot is subject to personal jurisdiction in this

221039194

district with respect to this action, and there is no other district in which the action may otherwise be brought.

## ALLEGATIONS COMMON TO ALL COUNTS

*THE LESSEE AND LEASE*

12. On June 11, 2018, Plaintiff Bank Capital Services LLC d/b/a F.N.B. Equipment Finance as Lessor entered into a Master Equipment Lease Agreement Number: 8008 ("Lease") with the Seasons Cleveland as Lessee whereby Seasons Cleveland as Lessee agreed to lease the property, i.e., supermarket equipment. The purpose of this Lease was to finance the equipment for the proposed Seasons Cleveland store. The Lease amount was not to exceed $3,000,000.00 for a term of sixty (60) months.

13. In addition to the Lease, on June 11, 2018, Lessee executed a Progress Payment Addendum seeking an advance of $1,505,500.00 to Defendant Culinary Depot which in fact was advanced. Attached hereto as Exhibit A is a true copy of the Lease and Progress Payment Addendum. As of January 30, 2019, Lessee owes approximately $1,626,142.96, plus accrued interest, attorney fees and other expenses.

14. Upon information and belief, no equipment or other consideration was provided by Defendant Culinary Depot in exchange for the Funds it received from the Bank. In fact, the Funds were to pay a deposit of $210,000.00 for Refrigeration Installation which never occurred and $112,000.00 for taxes on equipment and alleged services never provided.

15. On or about June 11, 2018, Zvi Bloom ("Bloom") executed two guarantees. He guaranteed the Master Equipment Lease Agreement which held that advances were not to exceed $3,000,000.00 ("Equipment Lease Guarantee"). Attached hereto as Exhibit B is a true copy of the Equipment Lease Guarantee. Additionally, he executed a guarantee in connection with a

4

221039194

construction loan to Cleveland Kosher Supermarket, LLC in the amount of $4,425,000.00 ("Construction Loan Guarantee"). Despite demand, Bloom has made no payment on any of the Guarantees.

16. The Lease is currently in default in accordance with Section 12 of the Lease, by certain actions, including, but not limited to,

> (a) failure by Lessee to pay any amounts under Lease when due … (c) any representations or warranties made or given by Lessee in connection with the Lease or Agreement, or any other document or agreement relating to the Lease or the Agreement, were false or misleading in a material respect when made; … or (e) commencement of any insolvency, bankruptcy or similar proceedings by or against Lessee or Guarantor (each, an "Obligor") …

17. Pursuant to Section 17 of the Lease, Lessee made various representations, including, but not limited to

> "(g) there has been no material adverse change in Lessee's financial condition subsequent to the dates of the most recent financial statements provided to Lessor; … (i) all information set forth on any Leasing Schedule is true and complete and all information (taken as a whole) furnished by or on behalf of Lessee including, without limitation, by any Guarantor) in connection with any Lease, whether before or after the date of such Lease, is, and shall be, true and accurate in all material respects on the date such information is dated or certified and no incomplete by omitting to state any fact necessary to make such information (taken as a whole) not misleading in any material respect; (j) there are no pending or threatened actions or proceedings before any court, administrative agency or other dispute resolution form that could have a material adverse effect on Lessee, the Lease or any other related instruments or documents or the transactions thereunder, unless such actions have been previously disclosed to Lessor and consented to in writing by Lessor.

18. The Progress Payment Addendum (Attached hereto as Exhibit A) Section 1(b) provided that Lessor would not be obligated to make any Progress Payments or advance any funds "(G) if there is any material adverse change in the business, assets, operations, financial condition or results of operations of Lessee or any guarantor, (H) if any representations or

5

221039194

warranty made by Lessee or any guarantor is false, erroneous or misleading in any material respect."

19.    Lessee and Bloom, as Guarantor, failed to advise that on or about May 2018, a judgment was entered against Lessee's parent, various affiliates and Bloom in the amount of $8,325,000.00 million ("Judgment"), which Judgment was confirmed ultimately resulted in the freezing of the bank accounts of the various entities.

20.    The pending claim and the entry of the Judgment were materially detrimental to Lessee Seasons Cleveland LLC and represented a material adverse change in the business, assets, operations, and financial condition of Guarantor.

21.    Bloom as President of the Lessee and Guarantor made representations that were materially false, erroneous and misleading as to the financial condition of Seasons Cleveland LLC and Bloom.  As a result of these defaults and fraudulent misrepresentations upon which Plaintiff as Lessor relied, to its detriment, Plaintiff as Lessor advanced $1,505,500.00 via a direct wire transfer to Defendant's bank account.  Attached hereto as Exhibit C is a true copy of the Progress Payment Request Forms executed by Bloom on June 11, 2018, and a list of the equipment and services for which bank advanced funds.

22.    All amounts due under the Lease and Guaranty have been accelerated, rendering due and owing immediate repayment of all amounts due, including, without limitation, Lessor's administrative and collection fees, costs and expenses, including, without limitation, attorneys' fees, as well as any accrued interest, default interest or late charges.  As of January 30, 2019, there is currently due and owing the sum of One Million, Six Hundred Twenty-six Thousand, One Hundred Forty-two Dollars and Ninety-six Cents ($1,626,142.96) plus accrued interest, attorney fees, and other expenses.

221039194

23. Lessee Seasons Cleveland LLC filed a Chapter 11 bankruptcy in the Eastern District of New York on September 16, 2018.

24. Upon information and belief, Seasons Cleveland and Bloom, as President of Seasons Cleveland, committed an intentional fraud upon Plaintiff by failing to disclose that a judgment in the approximate amount of Eight Million Three Hundred Thousand ($8,325,328.96) dollars had been entered against its corporate parent, various affiliates and Bloom on or about May 1, 2018.

25. Attached hereto as Exhibit A is the Progress Payment Request Form executed by Bloom on June 11, 2018, which caused the payment of $1,505,500.00 to be made to Chef's Depot Inc. dba Culinary Depot which states:

> The Lessee hereby certifies, represents and warrants that (i) attached hereto is a duplicate original or certified copy of the invoices or other documentation supporting this Progress Payment Request, (ii) this Progress Payment Request is a valid Progress Payment Request under the Addendum and Lease, and (iii) Lessee has performed and complied with all terms and conditions of the Addendum and Lease, including all conditions to funding Progress Payments, and that no Event of Default has occurred or exists under the Lease.

26. Seasons Cleveland and Bloom failed to perform and comply with the Lease and Addendum by failing to disclose that there had been a material adverse change in Seasons' and Guarantor's financial condition and that there were pending proceedings in court that would have a material adverse effect on Seasons Cleveland and the Guarantor.

27. Upon information and belief, Bloom intentionally misrepresented to Plaintiff Seasons Cleveland's economic condition, on which misrepresentations and omissions Plaintiff relied to its detriment in advancing the $1,505,500.00 to Culinary Depot, which received the benefit of the fraud.

221039194

## **COUNT I – UNJUST ENRICHMENT**

28. Plaintiff incorporates by reference the allegations as set forth in paragraphs 1 through 27 herein.

29. The Lessee and Bloom failed to disclose and, in fact, concealed their adverse financial condition to Plaintiff, obtaining loan funds by fraudulent means, including the Funds that were distributed to Defendant Culinary Depot when the loan closed.

30. The Lessee and Bloom defaulted on each of their Lease obligations and guarantees shortly after the Lease transaction closed and the Funds to Culinary Depot disbursed.

31. Plaintiff transferred the Funds to Defendant in reliance on the representations of Lessee and Bloom, including that Plaintiff would be repaid the Funds under the terms of their respective obligations and guarantees, and that the Lessee and the Bloom had the means and ability to repay Plaintiff. Contrary to their representations, the Lessee and Bloom had undisclosed material liabilities, and the Lessee and Bloom swiftly defaulted on their obligations without making any payment, while Lessee sought bankruptcy protection to avoid repayment of the Funds.

32. Culinary Depot was supposed to supply certain equipment to the Lessee.

33. Upon information and belief, no equipment was ever supplied to the Lessee, and Culinary Depot has retained the Funds and has refused to return them, without any justification whatsoever.

34. Culinary Depot was a third-party beneficiary of the subject Lease transaction. As such, the Defendant, as a third-party beneficiary, has obtained the Funds through fraud and without any consideration or obligation for repayment. As such, Culinary Depot benefited from the fraud perpetrated by Seasons Cleveland and Bloom against the Bank by receiving the Funds without any or adequate consideration from Culinary Depot.

221039194

35. Those Funds properly belong to Plaintiff as a result of the defaults under the Lease and Bloom's personal guaranty and the fraud permeating the subject loan transaction; the Funds are subject to immediate return to the Bank as a matter of law.

36. Culinary Depot has been unjustly enriched to the detriment of the Bank as the result of the fraud perpetrated by Seasons Cleveland and Bloom against the Bank.

37. It is contrary to equity and good conscience to permit Culinary Depot to retain the financial gains derived from their economic exploitation of the Funds not rightfully belonging to them, and obtained by fraud upon the Bank.

38. By virtue of the foregoing, the Bank is entitled to recovery of all amounts by which Culinary Depot has been unjustly enriched in an amount to be proven at trial but which is believed to be no less than $1,505,500.00, together with the applicable interest thereon. As of January 30, 2019, in regard to Lease, the Bank is owed $1,626,142.96 plus interest, attorney fees and costs.

**Wherefore**, as to Count One, the Bank requests judgment awarding compensatory damages and/or restitution in favor of the Bank, in an amount to be determined at trial, but in no event less than $1,626,142.96, together with the applicable interest thereon, attorneys' fees/costs and expenses.

### COUNT II – EQUITABLE RELIEF TO IMPOSE CONSTRUCTIVE TRUST

39. Plaintiff incorporates by reference the allegations as set forth in paragraphs 1 through 38 herein.

40. Upon information and belief, the Bank transferred the Funds upon authorization and request of the Lessee via a wire transfer into Defendant's bank account No. ********9222 (redacted).

41. Plaintiff has demanded that Culinary Depot return the Funds.

221039194

42.  At all relevant times, the Culinary Depot knew or should have known that Plaintiff was entitled to possession of the Funds transferred to it by the Bank in reliance upon fraudulent misrepresentations and omissions of the Lessee and Guarantor seeking to benefit Defendant.

43.  Based upon the foregoing, and as a result of Defendant's unjust enrichment, Plaintiff is entitled to a constructive trust in and to any and all accounts under Culinary Depot control in which the Funds have been secreted.

**Wherefore**, as to Count II, the Bank requests judgment awarding Plaintiff equitable relief by imposing a constructive trust in and to any and all accounts under Culinary Depot control in which the Funds have been secreted, together with the applicable interest thereon, and attorneys' fees, together with costs.

## COUNT III – TROVER, REPLEVIN, OR FOR MONEY HAD AND RECEIVED

44.  Plaintiff incorporates by reference the allegations as set forth in paragraphs 1 through 43 herein.

45.  As detailed fully in the foregoing allegations, at the same time the loan transaction closed, Defendant received funds from Plaintiff pursuant to the terms of the loan transaction and due to Plaintiff's reliance upon fraudulent misrepresentations and omissions of the Lessee and Bloom.  The Lessee and Bloom never made a payment to Plaintiff, have defaulted on the note and guarantee, and the obligor has filed for bankruptcy.

46.  Plaintiff transferred the Funds to Defendant in reliance on the Lessee's and Bloom's representations that Plaintiff would be repaid the Funds under the terms of their obligations and guaranty. Contrary to the representations, the Lessee and Bloom swiftly defaulted on their obligations without making any payment and have filed for bankruptcy protection to avoid repayment of the loaned funds.  As such, the Defendant, as a third-party

10

beneficiary but not a party to the binding Lease Documents, has obtained the Funds through fraud and without any consideration or obligation for repayment.

47. Had the Lessee and Guarantor disclosed the true state of their finances—i.e., that the Judgment in the amount of eight million three hundred thousand ($8,325,000.00) dollars had been entered against its corporate parent, various affiliates and Bloom on or about May, 2018 — Plaintiff would have never entered into the Lease and related documents with them and would have never transferred the Funds to the Defendant. As such, Defendant came into possession of the Funds by means of deceit and/or trespass.

48. As such, Plaintiff is entitled to the immediate return of the Funds.

49. Upon information and belief, Defendant provided no services or products, or no consideration whatsoever, in return for the Funds it obtained from Plaintiff.

50. Given the intrinsic fraud in the Lease transaction, and the swift and immediate default of the Lessee and Bloom, Defendant is not entitled to retain the Funds that were obtained by deceit.

51. Plaintiff has demanded the return and repayment of the Funds from Defendant.

52. Defendant, operating within the State of New York, failed to do so, and instead kept and continues to retain the Bank's monies without just cause or excuse.

53. Defendant has unconscionably and intentionally exercised dominion and control over the property of Plaintiff without just cause or excuse since at least June 11, 2018, and in so doing has caused Plaintiff to suffer damages in the approximate sum of $1,626,142.96 as of January 30, 2019, together with interest, attorney fees, costs and expenses to date.

**Wherefore**, as to Count III, the Bank requests judgment awarding restitution in favor of the Bank, in an amount to be determined at trial, but in no event less than $1,626,142.96, together with the applicable interest thereon, and attorneys' fees, together with costs.

Date: February 15, 2019
New York, New York

Respectfully submitted,

CLARK HILL PLC

By: /s/ Nola Rooney Bencze
Nola Rooney Bencze, Esq.
210 Carnegie Center, Suite 102
Princeton, NJ 08540
(609) 785 - 2924

830 Third Avenue
Suite 200
New York, NY 10022

221039194