```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BANK CAPITAL SERVICES LLC d/b/a              :
F.N.B. EQUIPMENT FINANCE, a subsidiary       :
of FIRST NATIONAL BANK OF                    :
PENNSYLVANIA,                                :
                    Plaintiff,               :   OPINION AND ORDER
                                             :
v.                                           :   19 CV 1469 (VB)
                                             :
CHEF'S DEPOT INC. d/b/a CULINARY             :
DEPOT,                                       :
                    Defendant.               :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Bank Capital Services LLC d/b/a F.N.B. Equipment Finance, a subsidiary of First National Bank of Pennsylvania, brings this diversity action against defendant Chef's Depot Inc. d/b/a Culinary Depot, to recover money advanced to defendant in connection with an equipment purchase and lease agreement between plaintiff and a non-party. Specifically, plaintiff brings state law claims for unjust enrichment, imposition of a constructive trust, and replevin and trover.

Now pending is defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #15).[1]

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1] Plaintiff commenced the instant action on February 15, 2019. (Doc. #1). On May 6, 2019, defendant moved to dismiss the complaint. (Doc. #15). Plaintiff amended its complaint on May 30, 2019. (Doc. #21). By letter dated June 13, 2019, defendant elected to rely on its originally-filed motion to dismiss, rather than submit a revised motion to dismiss. (Doc. #22).

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Non-party Seasons Cleveland LLC ("Seasons Cleveland") planned to develop and operate a supermarket in South Euclid, Ohio. To do so, it needed supermarket equipment. In November 2017, defendant, a commercial kitchen equipment merchant, provided Seasons Cleveland with a list of necessary equipment and a price estimate (the "project summary"). Defendant's project summary estimated the total cost of equipment to be $3,962,999.98.

On June 11, 2018, plaintiff and Seasons Cleveland entered into a Master Equipment Lease (the "equipment lease"), whereby plaintiff agreed to purchase, and Seasons Cleveland agreed to lease, supermarket equipment for Seasons Cleveland to develop and operate the South Euclid supermarket. Non-party Zvi Bloom, the principal of Seasons Cleveland, guaranteed full performance of the equipment lease by executing an equipment lease guaranty. On June 13, 2018, plaintiff filed a UCC-1 Financing Statement with the Ohio Secretary of State to secure its interest in the equipment.

On June 11, 2018, Seasons Cleveland also executed a Progress Payment Addendum, which authorized plaintiff to advance funding to purchase the equipment for Seasons Cleveland's use, and a "Progress Payment Request Form" (the "progress payment form"), which authorized and directed plaintiff to advance to defendant $1,505,500 (the "progress payment") as a deposit for the equipment purchase. The next day, defendant sent Seasons Cleveland LLC an invoice indicating the total cost of equipment, $3,962,999.98, and the then-due $1,505,500 progress payment. Plaintiff remitted the progress payment to defendant that day.

Seasons Cleveland defaulted on its obligations under the equipment lease by failing to make any payments to plaintiff.  Seasons Cleveland's financial troubles, however, were much deeper than its default.  In May 2018—prior to Seasons Cleveland's execution of the equipment lease and progress payment form—an $8,325,000 judgment was entered against Seasons Cleveland's parent company, various affiliates, and Bloom.  Seasons Cleveland and Bloom allegedly failed to notify plaintiff of this judgment prior to the execution of the equipment lease and plaintiff's remittance of the progress payment to defendant.  According to plaintiff, it would never have consummated or finalized the equipment lease, or advanced the progress payment to defendant, had it known of the May 2018 judgment and Seasons Cleveland's and Bloom's financial difficulties.

On September 16, 2018, Seasons Cleveland, its parent company, and its affiliates filed a Chapter 11 voluntary petition for bankruptcy protection in the U.S. Bankruptcy Court for the Eastern District of New York.  By that time, the only equipment identified in the June 12 invoice that defendant had delivered to Seasons Cleveland were floor troughs, valued at $6,000.[2]

On February 15, 2019, plaintiff commenced an action against Bloom in the U.S. District Court for the Middle District of Pennsylvania to enforce the equipment lease guaranty.  Specifically, plaintiff sued Bloom for breach of contract, fraud, and negligent misrepresentation.  Bloom failed to appear, and on May 8, 2019, plaintiff obtained a default judgment against

---

[2]  Plaintiff contests whether defendant distributed <u>any</u> of the subject equipment in response to the progress payment.  Specifically, plaintiff alleges the floor troughs were delivered to Seasons Cleveland on December 19, 2017, months <u>before</u> the equipment lease, progress payment addendum, and payment request form were executed by Seasons Cleveland.  In other words, although defendant's June 12 invoice indicates a portion of the progress payment was earmarked for payment and delivery of floor troughs, the delivery had already occurred before plaintiff advanced to defendant the progress payment.

3

Bloom. On September 10, 2019, the judgment was amended to reflect a corrected judgment amount of $1,610,717.30.

At some time prior to the commencement of the instant action, plaintiff demanded that defendant return the $1,505,500 progress payment. Defendant has allegedly refused to do so.

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[3]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

4

II.  Rule 9(b)

As a preliminary matter, defendant argues the amended complaint should be dismissed in its entirety because, pursuant to Rule 9(b), plaintiff has failed to plead with particularity fraud as against Seasons Cleveland or defendant.

This argument is misplaced.

"The heightened pleading requirements of Rule 9(b) . . . apply only to claims sounding in fraud or mistake." Madanes v. Madanes, 981 F. Supp. 241, 253 (S.D.N.Y. 1997) (citing McLaughlin v. Anderson, 962 F.2d 187, 194 (2d Cir. 1992)).

Here, plaintiff does not plead a fraud claim. As such, plaintiff's amended complaint is not subject to the heightened pleading standards of Rule 9(b).[4]

Accordingly, defendant's motion to dismiss the amended complaint for failure to comply with Rule 9(b) must be denied.

III.  Unjust Enrichment Claim

Defendant argues the amended complaint fails to state an unjust enrichment claim.

The Court disagrees.

To state an unjust enrichment claim under New York law, a plaintiff must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Diesel Props S.r.l. v. Greystone Bus. Credit III LLC, 631 F.3d 42, 55 (2d Cir. 2011).

---

[4] Yet, even judging under more stringent pleading standards plaintiff's allegations of fraud as to non-party Seasons Cleveland, the Court concludes such allegations pass Rule 9(b) muster. The amended complaint states with particularity Seasons Cleveland's and Bloom's alleged failures to disclose to plaintiff, prior to execution of the equipment lease and other documents, material information respecting their financial circumstances, which, if true, would constitute an intentional and material misrepresentation pursuant to those parties' agreement.

"[A] New York unjust enrichment claim requires no direct relationship between plaintiff and defendant." Myun-Uk Choi v. Tower Research Capital LLC, 890 F.3d 60, 69 (2d Cir. 2018). "Rather, the requirement of a connection between plaintiff and defendant is a modest one: '[A] claim will not be supported if the connection between the parties is too attenuated.'" Id. (quoting Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011) (affirming dismissal of an unjust enrichment claim because plaintiff's allegations failed to indicate a relationship between the parties, or, at the very least, an awareness by defendant of plaintiff's existence)).

Here, plaintiff's allegations establish a connection with defendant sufficient to maintain an unjust enrichment claim. The payment request form executed by Seasons Cleveland authorized plaintiff to advance funds to "Chef's Depot Inc. dba Culinary Depot," the defendant. (Doc. #21-7 at 2). Plaintiff advanced the progress payment to defendant directly. (See Doc. #21-8). Defendant accepted the progress payment from plaintiff as a deposit for the subject equipment.

Further, plaintiff sufficiently alleges defendant was enriched at plaintiff's expense. The progress payment allegedly served as a deposit for equipment that, save several floor troughs, was never delivered. Put another way, plaintiff paid defendant to deliver equipment that defendant never delivered. Moreover, although plaintiff allegedly has a perfected security interest in the subject equipment (see Doc. #21-4), defendant retained both the progress payment and the equipment. Accordingly, plaintiff plausibly alleges facts that "militate against permitting defendant to retain what plaintiff is seeking to recover." See Diesel Props S.r.l. v. Greystone Bus. Credit III LLC, 631 F.3d at 55.

For these reasons, defendant's motion to dismiss plaintiff's unjust enrichment claim must be denied.

IV. <u>Constructive Trust Claim</u>

Defendant argues plaintiff has failed to state a claim for the imposition of a constructive trust respecting the progress payment.

The Court disagrees.

"Under New York law, the equitable remedy of a constructive trust is appropriate when there is clear and convincing evidence of (1) a confidential or fiduciary relationship; (2) an express or implied promise; (3) a transfer in reliance on such promise; and (4) unjust enrichment." <u>Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.</u>, 380 F.3d 624, 646 (2d Cir. 2004).

"[N]ot all [of the above] elements need to be met for [a] court to impose a constructive trust, as the factors are merely guideposts and are not rigidly applied." <u>City of Almaty v. Ablyazov</u>, 278 F. Supp. 3d 776, 802 (S.D.N.Y. 2017). Moreover, "[t]he fourth element is the most important since the purpose of the constructive trust is prevention of unjust enrichment." <u>In</u> <u>re</u> <u>First Cent. Fin. Corp.</u>, 377 F.3d 209, 212 (2d Cir. 2004). Indeed "a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest." <u>Rocchio v. Biondi</u>, 40 A.D.3d 615, 616 (2d Dep't 2007).

Some courts in this district have regarded the imposition of a constructive trust as a remedy only, and not a standalone cause of action, while others have permitted constructive trust to proceed as an individual claim. See <u>Winklevoss Capital Fund, LLC v. Shrem</u>, 351 F. Supp. 3d 710, 721 (S.D.N.Y. 2019) (collecting cases). However, "the difference here is entirely semantic,

7

as, even if not permitted to plead constructive trust as a claim, plaintiff[] may, if appropriate, later request, as a remedy, the imposition of a constructive trust." See id.

Here, plaintiff having plausibly pleaded a claim for unjust enrichment, defendant's motion to dismiss plaintiff's claim for the imposition of a constructive trust must be denied.

V.     Replevin Claim

Finally, defendant argues plaintiff has failed to state a replevin claim.[5] Specifically, defendant contends plaintiff has not alleged "defendant is in possession of certain property of which plaintiff claims to have a superior right." (Doc. #17 at 11).

The Court disagrees.

"A cause of action in replevin must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right." Intelligen Power Sys., LLC v. dVentus Techs. LLC, 2015 WL 3490256, at *8 (S.D.N.Y. June 2, 2015). "Demand upon, and refusal of, the person in possession of the chattel to return it [are] essential elements of a cause of action in replevin." Id. (alteration in original).

Here, plaintiff advanced the progress payment to defendant for the delivery of equipment to Seasons Cleveland. Defendant has allegedly retained the progress payment but not delivered the subject equipment in which plaintiff has a perfected security interest. Moreover, defendant has allegedly rebuffed plaintiff's requests for return of the progress payment.

Accordingly, at this early stage of proceedings, plaintiff has plausibly pleaded a replevin claim.

---

[5]   Count III of the amended complaint asserts a cause of action against defendant for "trover, replevin, or for money had and received." (Doc. #21 at 11). Defendant's arguments respecting Count III consider replevin only. So too will the Court's analysis.

8

## CONCLUSION

The motion to dismiss is DENIED.

By January 13, 2020, defendant shall file an answer to the amended complaint.

The Clerk is instructed to terminate the motion. (Doc. #15).

Dated: December 30, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge